## GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff

v.

## JOSE RAMON RODRIGUEZ, Defendant

Criminal No. 22/1988

Territorial Court of the Virgin Islands

Div. of St. Croix

June 30, 1988

STEPHEN MITCHELL, ESQ., Assistant Attorney General (Department of Justice), St. Croix, V.I., *for plaintiff*

CORTLAND E. BERRY, ESQ., St. Croix, V.I., *for defendant*

FINCH, *Judge*

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

This matter came before the Court on defendant's motion to suppress evidence seized from his person. The Court is called upon to decide whether defendant's Fourth Amendment rights were violated when he was stopped and frisked. For the reasons mentioned below, this Court responds in the affirmative, and will therefore suppress the evidence.

### FACTS

At approximately 7:17 p.m. on the evening of February 4, 1988,

police officers Curtis Griffin and David Christian were on mobile patrol in Estate Profit, St. Croix. While on patrol, they observed defendant, Jose R. Rodriguez, walking towards them in the area of Colon's Bar. Officer Griffin encountered Rodriguez the previous night, and during the encounter, Griffin asked him if he had a weapon. Upon being asked this question, Rodriguez fled. The officers decided to stop Rodriguez in order to question him about his earlier flight. They drove their vehicle up to about one and a half feet away from Rodriguez, at which time Officer Christian noticed a bulge in Rodriguez' shirt. The officers thereupon frisked him. The frisk uncovered a syringe and hypodermic needle. Rodriguez was then placed under arrest for possession of these items.

Officer Christian testified that the Colon's Bar is in a high crime area which is known for drug trafficking. He also stated that they frisked Rodriguez for safety purposes, fearing that he might be armed.

## DISCUSSION

Once again, this Court is called upon to determine the propriety of police conduct under the purview of the Fourth Amendment to the United States Constitution. Defendant, Rodriguez argues that his rights under this amendment were violated by Officers Griffin and Christian when they stopped and frisked him. The Government counters that the officers' conduct was a valid investigatory stop and frisk under Terry v. Ohio, 88 S.Ct. 1868 (1968). This Court is compelled to differ with the Government.

■ The Fourth Amendment reads as follows:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. Amend. IV. This amendment was expressly made applicable to the Virgin Islands via Congressional action. Revised Organic Act, Sec. 3, 1954. The right of personal security protected by this amendment belongs as much to the citizen on the streets of our islands, as to the citizen isolated on his beach-side condominium. Terry, supra, at 1873. This is so because the

amendment protects people, and not places. Id. at 1873. An individual is thus entitled to freedom from unreasonable governmental intrusion wherever he maintains a reasonable expectation of privacy. Katz v. United States, 88 S.Ct. 507, 511 (1967).

■ Under the Fourth Amendment, "probable cause" is generally a necessary predicate to a police search or seizure. Torres v. Com. of Puerto Rico, 99 S.Ct. 2425, 2430 (1979). Terry, however, recognized an exception to this general rule. The Court there concluded that a brief on the spot stop and frisk for weapons did not fit within the traditional concept of an arrest or seizure. Dunaway v. New York, 99 S.Ct. 2248, 2254 (1979). Thus, only "reasonable suspicion" is required for such a stop. Michigan v. Summers, 101 S.Ct. 2587, 2591 (1981). In order to determine which standard applies in the instant case, i.e., probable cause or reasonable suspicion, it is necessary to first examine the character of the encounter between Rodriguez and the police officers.

■ Officer Christian testified that upon approaching Rodriguez, he noticed a bulge in his shirt. Fearing that Rodriguez may be armed, the officers placed him against their vehicle and frisked him. Clearly, Rodriguez was seized, and the Fourth Amendment is thus triggered. The seizure, however, was temporary and lasted no longer than necessary to effectuate its purpose. Florida v. Royer, 103 S.Ct. 1319, 1325 (1983). Under the circumstances, the method employed to stop Rodriguez was the least intrusive means available. Therefore, the encounter must be classified as a stop rather than as a traditional arrest. But the fact that it was a stop doesn't end the Court's inquiry. The stop must yet withstand scrutiny under the strict standards established by Terry and its progeny. In short, the stop must be reasonable. If not, the evidence seized as a consequence will never make its trip to this Court.

■ In Terry, the Supreme Court stated:

We merely hold today that where a police officer *observes unusual conduct which leads him to reasonably conclude in light of his experience that criminal activity may be* afoot and that the persons with whom he is dealing may be armed and presently dangerous, where in the course of investigating this behavior he identifies himself as a policeman and makes reasonable inquiries, and where nothing in the initial stages of the encounter serves to dispel his reasonable fear for his own or others' safety, he is entitled for the protection of himself and

others in the area to conduct a carefully limited search of the outer clothing of such persons in an attempt to discover weapons which might be used to assault him. (Emphasis supplied.)

Terry, supra, at 1884. Although Terry authorizes an officer to act short of probable cause where necessary to prevent a crime, such discretion is by no means unfettered. The officer must be aware of specific articulable facts which give rise to a reasonable suspicion that the person stopped is, or is about to be, engaged in criminal activity. United States v. Carter, 101 S.Ct. 690, 695, 1981; and United States v. Rickus, 737 F.2d 360, 365 (3rd Cir. 1984). The reasonableness of the suspicion must be assessed based upon the totality of the circumstances. Cortez, supra, at 695.

Nothing in the instant case suggests that Rodriguez was suspected of committing, preparing to commit, or even had committed any crime. Officer Christian stated that they had decided to stop Rodriguez in order to question him about his flight on the previous night. Christian could not even articulate any crime that Rodriguez was suspected of committing on that night. Mere flight upon police interrogation is nowhere mentioned in our criminal code. People are ordinarily free to ignore police interrogation. Christian mentioned nothing unusual about the behavior of Rodriguez on the night he was stopped. In short, Rodriguez was stopped, not for suspicion of criminal activity, but for exercising his lawful right of flight. This absence of suspicion is critically fatal to the propriety of the officer's actions.

■ This Court is not at all disturbed by the fact that Rodriguez had a bulge in his shirt, and that he was in a high crime area. If any person walking in a high crime area, with a bulge in his shirt, can be stopped and frisked by police, the Fourth Amendment is utterly meaningless. It is true that the officers, after having placed themselves in close proximity to Rodriguez, may have had a reasonable fear for their safety. But they had no right to insist on the encounter, especially since there is no indication that the bulge resembled a weapon. This point was made clear by Justice Harlan in his concurrence in Terry. He said:

In the first place, if the frisk is justified in order to protect the officer during an encounter with a citizen, the officer must first have constitutional grounds to insist on an encounter, to make a *forcible*, stop. Any person, including a policeman, is at

liberty to avoid a person he considers dangerous. If and when a policeman has a right instead to disarm such a person for his own protection, he must first have a right not to avoid him but to be in his presence . . . . I would make it perfectly clear that the right to frisk in this case depends upon the reasonableness of a forcible stop to investigate a suspected crime.

Terry, supra, at 1885. An officer then, cannot without reasonable suspicion of criminal activity, put himself in danger and thereby justify an investigatory stop. Such is the case here. This Court will not allow such an entrenchment upon individual liberty.

■ For the foregoing reasons, this Court concludes that the stop of Rodriguez violated his Fourth Amendment rights for want of reasonable suspicion. Accordingly, the evidence obtained as a consequence of this improper seizure and subsequent improper search will be suppressed. Weeks v. United States, 34 S.Ct. 341 (1914); and Segura v. United States, 104 S.Ct. 3380 (1984).

## ORDER

Based upon the memorandum opinion filed on even date herewith, it is hereby

ORDERED that defendant's motion to suppress evidence be and is hereby GRANTED.